**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

ARLEN RAY JONES, #49184                                                          PLAINTIFF

v.                                          Case No. 2:23-CV-02130-PKH-MEF

CAPTAIN DUMAS, TURN KEY MEDICAL,
DR. ANTHONY CARTER,                                                          DEFENDANTS

---

**DEFENDANT TURN KEY HEALTH CLINICS, LLC'S**
**BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

---

COMES NOW Defendant, Turn Key Health Clinics, LLC ("Turn Key"), and respectfully submits the following Brief in Support of its Motion to Dismiss.

### STATEMENT OF THE CASE

Plaintiff, Arlen Ray Jones, filed this pro se lawsuit on October 31, 2023. *See* ECF Doc. 1, *Complaint*. Plaintiff brings a cause of action against Defendants, Captain Dumas, Turn Key Health Clinics, LLC, and Anthony Carter, APRN under 42 U.S.C. § 1983 for deliberate indifference to his medical condition. *See* ECF Doc. 6, *Amended Complaint*. From the face of Plaintiff's Amended Complaint, it appears Plaintiff may not have intended to name Turn Key as a defendant, as Plaintiff does not identify Turn Key within Section III ("Defendant(s) Information") of the Amended Complaint. *See* ECF Doc. 6, pp. 2-3. In his Amended Complaint, Plaintiff alleges he suffers from a hernia and he believes he needs surgery. ECF Doc. 6, p. 4. Upon intake into the Sebastian County Detention Center, he was placed into a medical observation cell until he could be seen by the medical provider. *Id*. He was then seen by the provider, who informed Plaintiff that he did not need surgery. *Id*. Plaintiff was released from medical observation and then housed in General

Population. *Id*. Plaintiff alleges he was "denied medication" for "weeks." *Id*. He does not allege what medication he claims to have been deprived, except that he has been informed that his "meds are on order." *Id*., pp. 4-5. He further criticizes that he was not provided with a hernia belt and he continues to believe that his condition requires surgery. *Id*., p. 5. Plaintiff alleges that after filing the original Complaint in this lawsuit, the provider saw him again on November 9, 2023 and informed him that his hernia was the "size of a small cantaloupe and needs medical attention." *Id*. Plaintiff further alleges that because he is an inmate within the custody of the Arkansas Department of Corrections ("ADC"), ADC will not pay for further medical treatment until they receive a formal diagnosis from a provider. *Id*. He alleges that because the provider initially misdiagnosed him, this delayed his receipt of treatment from ADC. *Id*. Plaintiff has failed to plead any facts against Turn Key as a Defendant, let alone facts sufficient to state a claim upon which relief may be granted against Defendant Turn Key for his constitutional claim. And so, dismissal is proper in favor of Defendant Turn Key on all claims.

## ARGUMENT AND AUTHORITIES

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support

their claims. See *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir.2004); see also *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (finding that even a *pro se* plaintiff must allege specific facts sufficient to state a claim).

Courts have routinely held that there is no vicarious liability for § 1983 claims, and the language of § 1983 cannot be read to impose vicarious liability based solely on the existence of an employer-employee relationship. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691-92 (1978). The only method by which Turn Key, a private company, could arguably be found to have been deliberately indifferent would be through a municipal liability theory. Any theory of municipal liability against Turn Key is insufficient when taking all of Plaintiff's allegations as being true. The U.S. Supreme Court stated that "it is when execution of a government's policy or custom, whether by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. "'Municipal liability attaches only where the decision maker possesses final authority to establish municipal policy with respect to the action ordered.'" Id.

Thus, in order to state § 1983 claims against Turn Key, Plaintiff must allege facts sufficient to show that Turn Key executed a policy or custom that *caused* the alleged constitutional deprivations. "[A] municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" *City of Canton Ohio v. Harris*, 489 U.S. 378, 388-89, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412, 388-89 (1989) (emphasis added).

As to Defendant Turn Key, Plaintiff makes no specific allegations. Plaintiff pleads no factual support for any municipal liability claim against Turn Key, does not identify any Turn Key policy, practice, or custom which he believes was unconstitutional, and does not allege any role of Turn Key whatsoever in the care and treatment he received at the Sebastian County Jail related to

his alleged hernia. *See* ECF Doc. 6.

Plaintiff's allegations against Defendant Turn Key cannot even be construed to be conclusory and formulaic, as Plaintiff makes no allegations at all against Turn Key. The Eighth Circuit has explained that even conclusory allegations "do[] not save the complaint absent any allegation of knowledge." *Whitney v. City of St. Louis, Missouri*, 887 F.3d 857, 860 (8th Cir. 2018), citing *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff makes no allegations of any <u>specific</u> allegedly deficient policy, practice, or custom of Turn Key which allegedly caused any constitutional deprivation. He does not identify any policy, custom or practice of Turn Key which was the moving force behind Plaintiff's alleged injury. Because Plaintiff has failed to plead any facts to show that Turn Key had a policy, practice or custom in place which was the "moving force" behind the alleged constitutional violation, Plaintiff has failed to plead facts sufficient to establish municipal liability theory. Consequently, dismissal in favor of Turn Key is proper as a matter of law. *See Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009). Dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Dismissal of Plaintiff's 42 U.S.C. § 1983 claims against Defendant Turn Key Health Clinics, LLC is warranted at this time, as Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

WHEREFORE, Defendant Turn Key Health Clinics, LLC prays that this Court grant its motion and dismiss this action against it.

Respectfully submitted,

Alexandra G. Ah Loy, AR Bar #2020020
HALL BOOTH SMITH, P.C.
6301 Waterford Blvd, Ste 200
Oklahoma City, OK 73118
Telephone: (405) 513-7111
Facsimile: (405) 768-1414
allieahloy@hallboothsmith.com

*Attorneys for Defendants Turn Key Health Clinics, LLC; Anthony Carter, APRN*

## CERTIFICATE OF SERVICE

This is to certify that on the 20th day of December, 2023, I electronically transmitted the above document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jason E. Owens                owens@jowenslawfirm.com

I also certify that I served the following, who is not a registered participant of the ECF System for filing, via first class mail postage prepaid:

Arlen Ray Jones, #49184
Sebastian County Detention Center
801 South A Street
Ft. Smith, AR 72901

*Plaintiff, Pro-Se*

s/ Alexandra G. Ah Loy
Alexandra G. Ah Loy