IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ARLEN RAY JONES                                                                                PLAINTIFF

v.                                    Civil No. 2:23-cv-02130-TLB-MEF

CAPTAIN DUMAS
(Sebastian County Detention Center,
formerly known as Jail Administrator John or
Jane Doe);
TURN KEY MEDICAL
(Medical Care Contractor for Sebastian
County);
DR. ANTHONY CARTER
(Turn Key Medical Provider)                                                               DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey three Court Orders and failure to prosecute this case.

### I.    BACKGROUND

Plaintiff filed his Complaint on October 31, 2023. (ECF No. 1). He filed an Amended Complaint on November 15, 2023. (ECF No. 6). On December 20, 2023, Defendant Turn Key Medical filed a Motion to Dismiss for failure to state a claim. (ECF No. 13). On December 21, 2023, the Court entered an Order directing Plaintiff to file a Response or an Amended Complaint. (ECF No. 16). On January 10, 2024, Plaintiff filed a Second Amended Complaint. (ECF No. 17). The Court then mooted the first Motion to Dismiss. (ECF No. 22).

On August 26, 2024, Defendant Dumas filed a Motion for Summary Judgment. (ECF No. 30). That same day, Defendants Carter and Turn Key also filed a Joint Motion for Summary Judgment. (ECF No. 33). On September 3, 2024, the Court entered Orders directing Plaintiff to submit his Summary Judgment Responses by September 24, 2024. (ECF Nos. 36, 37). When Plaintiff failed to do so, the Court entered a Show Cause Order on October 1, 2024. (ECF No. 38). Plaintiff was directed to submit his Show Cause Response by October 22, 2024. (*Id*.). None of the Orders were returned as undeliverable. All three Orders advised Plaintiff that failure to submit his required Responses by the deadline would result in the dismissal of his case. (ECF Nos. 36, 37, 38).

Plaintiff failed to submit any of his required Responses. Instead, he filed a Motion to Appoint Counsel and a Notice of Address Change on October 22, 2024. (ECF No. 39). The Motion was denied on October 23, 2024. (ECF No. 40). Plaintiff was given until November 19, 2024, to submit his Summary Judgement Responses. (*Id*.). To date, Plaintiff has failed to submit his Summary Judgment Responses or a Show Cause Response.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.   ANALYSIS

Plaintiff has failed to comply with three Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.   CONCLUSION

Accordingly, it is recommended that Plaintiff's Second Amended Complaint (ECF No. 17) be DISMISSED WITHOUT PREJUDICE.

<u>Referral Status</u>: This case should not remain referred as all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of December 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE